IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAULETTE A. CHATMON, | ) | 8:11CV182 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CENTENNIAL EMPLOYEE | ) | |
| MANAGEMENT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint on May 23, 2011. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint in this matter against her employer, Centennial Employee Management Corporation. (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff sues Defendant for race, color, national origin, and retaliation discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at CM/ECF pp. 7-8.)

Plaintiff alleges that she was subjected to unfair treatment and harassment by Defendant throughout 2008 and 2009. In particular, Plaintiff alleges that her work hours were decreased, she was assigned menial work duties, other employees were hired to do her job, she was written up for the mistakes of other employees, and she was not allowed time off, or compensated, for a doctor visit. (*Id.* at CM/ECF p. 8.) Plaintiff further alleges that she was singled out for complaining about discrimination

and unsanitary work conditions. (*Id.* at CM/ECF p. 7.) Defendant ultimately terminated Plaintiff as a result of these complaints. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

*A.    Plaintiff's Title VII Claims*

Liberally construed, Plaintiff's race, color, and national origin discrimination claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual,

or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that she 1) is a member of a protected class; 2) was meeting the legitimate expectations of her employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust her administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Liberally construed, Plaintiff alleges that she is a member of a protected class, "Black American," and that her work performance was satisfactory. (Filing No. 1 at CM/ECF pp. 7, 3.) Plaintiff further alleges that she suffered an adverse employment action when she was stripped of her work hours, assigned menial duties not assigned to other employees of her title and qualification, and terminated for conduct commonly engaged in by employees of other races and national origins. The record also shows that Plaintiff exhausted her administrative remedies by presenting her claims to the NEOC/EEOC and has received a right-to-sue notice from the EEOC.

(*Id.* at CM/ECF p. 9.) The court finds that these allegations are sufficient to nudge Plaintiff's Title VII claims across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

B.   *Plaintiff's Retaliation Claim*

Plaintiff also alleges that she was discriminated against in retaliation for complaining "about racial discrimination as well as illegal activities." (Filing No. 1 at CM/ECF p. 7.) "To establish a prima facie case of retaliatory discrimination, a plaintiff must show: (1) [she] engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal connection existed between participation in the protected activity and the adverse employment action." *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 713-14 (8th Cir. 2000).

Liberally construed, Plaintiff alleges that she engaged in a protected activity by reporting Defendant's unlawful discrimination. Plaintiff further alleges that her subsequent treatment and eventual termination were adverse employment actions, and that her complaints about discriminatory conduct and illegal activities directly resulted in her termination. The court finds that these allegations are also sufficient to nudge Plaintiff's retaliation claim across the line from conceivable to plausible. However, as with her Title VII claims, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's claims against Defendant may proceed and service is now warranted.

2. To obtain service of process on Defendant, Plaintiff must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**October 31, 2011:** Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 1st day of July, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.